IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORH CAROLINA
CHARLOTTE DIVISION
3:16CV839

DON HENDERSON and wife, ROSINA )
HENDERSON, )
 )
    Plaintiffs, )
 )
vs. ) ORDER
 )
NATIONWIDE MUTUAL FIRE )
INSURANCE COMPANY, )
 )
    Defendant. )
_____)

This matter is before the Court upon the Plaintiffs' Motion to Remand to State Court. This motion is ripe for disposition.

**I.    FACTUAL BACKGROUND**

This case arises out of a flood insurance policy issued by Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") for a storage building owned by Plaintiffs. The Complaint alleges that in 2010, the Plaintiffs communicated with an agent of the Defendant about the possibility of obtaining flood insurance for the storage building which is located near a small creek in the back of their lot. (Compl. ¶ 3). The Plaintiffs wanted coverage for the building because they stored valuable antiques and other items in the shed. (*Id*. at ¶ 6). Prior to the issuance of the insurance policy, an agent of Nationwide came to the Plaintiffs' home and inspected and photographed the storage building. (*Id*. at ¶ 7).

Nationwide subsequently issued a flood insurance policy on the building which provided

1

coverage of $30,000 for a premium of $150.00. (*Id*. at ¶ 8). In 2011, Nationwide contacted the Plaintiffs and suggested that they increase their policy limits to $50,000 and pay an additional premium. (*Id*. at ¶ 9). The Plaintiffs accepted the recommendation of the Defendant and paid the increased premium. (*Id*.)

In 2012, Nationwide again approached the Plaintiffs and recommended that their coverage be increased to $75,000 with another increase in their premium. (*Id*. at ¶ 10). The Plaintiffs accepted the recommendation of the Defendant and paid the increased premium. (*Id*.)

Again in 2013, the Defendant approached the Plaintiffs and recommended that their coverage be increased to $100,000 with an increase in premium to $310.00. (*Id*. at ¶ 11). The Plaintiffs accepted the recommendation of Nationwide and purchased the additional coverage. (*Id*.) In 2015, the Plaintiffs renewed the policy on the building at $100,000 at a slight increase in premium to $312.00. (*Id.* at ¶ 12).

In August of 2015 a flood damaged the building and destroyed its contents. (*Id*. at ¶ 15). On October 19, 2015, the Defendant advised the Plaintiffs that there was no coverage for the building under the policy they had sold Plaintiffs. (*Id*. at ¶ 18). Plaintiffs filed a complaint in state court alleging breach of contract and unfair and deceptive trade practices. Defendant removed the case to this Court.[1] Plaintiff subsequently filed a Motion to Remand, which the Court denied. Plaintiffs thereafter voluntarily dismissed their complaint.

Plaintiffs then filed the instant complaint in state court, again alleging breach of contract and unfair and deceptive trade practice claims against Nationwide. Nationwide timely removed the case to this Court once again. Plaintiffs have now filed a Motion to Remand their latest Complaint.

---

[1] Case No. 3:16CV419-GCM

## II. DISCUSSION

In its Order denying remand in Case No. 3:16CV419, this Court recognized that courts have generally distinguished between claims involving claims handling, which are preempted by federal law,[2] and those arising out of policy procurement. *See Houck v. State Farm Fire & Cas. Co.*, 194 F. Supp. 2d 452, 455-56 (D.S.C. 2002). The Court went on to deny the Motion to Remand because despite the Plaintiffs' argument that the case was a simple procurement claim, the Complaint contained allegations as to claims handling, claims payment, and claims premiums, all of which implicated federal question jurisdiction.

It appears that the newly filed Complaint successfully eliminates any suggestion that the action is based on claims payment or handling. In fact, Paragraph 19 reads:

> The plaintiffs do not challenge the decision under FEMA guidelines that the building was not insured for flood damage, nor do they challenge the claims handling or claim payment. The plaintiffs make no claims regarding the denial of their claim under the policy; but instead contend that the procurement of the worthless policy by the defendant was improper, misleading and deceptive.

In *Houck*, the insureds brought a class action in state court alleging that the insured had "improperly steered them to purchase flood insurance coverage which was more expensive and in excess of their discernible needs." *Id*. at 454. The case was removed by the insurer who alleged federal question jurisdiction pursuant to the National Flood Insurance Act. In allowing the remand back to state court, the *Houck* court observed that the claims at issue in that case all arose in the policy procurement context and that plaintiffs had no claims regarding the denial of

---

[2] The flood insurance issued by Nationwide is part of the National Flood Insurance Program ("NFIP"). The NFIP is a federal program pursuant to which persons can purchase Standard Flood Insurance Policies ("SFIPs"), containing terms mandated by federal regulations, either directly from the Federal Emergency Management Agency ("FEMA") or from private insurance companies (known as "Write Your Own," or "WYO" carriers) that are authorized by federal regulation to sell SFIPs under their own names. *See* 44 C.F.R. § 62.23. FEMA is "statutorily authorized to provide, by regulation, not only 'for the general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage' under the NFIP, but also for the general method or methods by which proved and approved claims for losses under such policies may be adjusted and paid." *Battle v. Seibels Bruce Ins. Co*., 288 F.3d 596, 599 (4th Cir. 2002) (citing 42 U.S.C. §§ 4013, 4019).

their claim under the policy. *Id*. at 462. Where the court was faced with solely policy procurement claims, substantial federal questions were not present. *Id*. at 469. As in *Houck*, the Complaint herein alleges claims based solely on the procurement of the flood policy. Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand is GRANTED, and this case is hereby remanded to the Superior Court of Mecklenburg County.

Signed: February 8, 2017

Graham C. Mullen
United States District Judge